IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA DESIGNOR, Individually and On : <br> Behalf of All Others Similarly Situated, : <br> : <br> : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> : <br> UBER TECHNOLOGIES INC. : <br> RAISER, LLC; and RASIER-CA, LLC, : <br> : <br> Defendants. : <br> : | CIVIL ACTION NO.: <br><br><br><br><br><br><br><br> JURY TRIAL <br> DEMANDED |

CLASS ACTION COMPLAINT

Plaintiff Rebecca DeSignor ("Plaintiff"), on behalf of herself and all others similarly situated, bring this class action against UBER TECHNOLOGIES INC., RASIER, LLC. and RASIER-CA, LLC. ("Defendants") and respectfully alleges the following:

## NATURE OF ACTION

1.      Plaintiff Rebecca DeSignor brings this class action suit on behalf of herself and all others similarly situated, to redress Defendants' failure to adequately safeguard personal identifying information and related data.

2.      This action arises from what may be one of the larger data security breaches ever to occur in the United States.

3.      As a result of this breach, Plaintiff and the millions of individuals whose sensitive personal data was made accessible now face substantial risk of further injury from identity theft, credit and reputational harm, false tax claims, or even extortion.

## PARTIES

4.      Plaintiff Rebecca DeSignor ("Plaintiff") is a citizen of Pennsylvania and resides in Northampton County.

5.      Defendant Uber Technologies Inc. is a global transportation technology company incorporated in California, with its principal place of business in San Francisco, California.

6.       Defendant Rasier, LLC. is a California Limited Liability Company, with its principal place of business in San Francisco, California.

7.       Defendant Rasier-CA, LLC. is a California Limited Liability Company, with its principal place of business in San Francisco, California.

8.       Defendants do business nationwide, including in this District.

9.       Upon information and belief, the wrongful acts and/or decisions by Defendants leading to this data breach occurred nationwide and in this District.

<u>FACTUAL ALLEGATIONS</u>

10.       On or about November 21, 2015, Defendants publicly acknowledged that they had paid hackers at least $100,000 to conceal the existence of a massive data breach that had occurred approximately a year earlier.

11.       According to Defendants' press releases, two hackers gained access to information stored on GitHub, a service that allows engineers to collaborate on developing software code. There, the hackers were able to steal Defendants' credentials for a separate cloud-services provider.  From there, the hackers were able to download driver and rider data.

12.       The stolen information included names, email addresses and mobile phone numbers of Defendants' customers in the U.S. and around the world, as well as the names and license numbers of 600,000 U.S. Uber drivers.

13.       According to Defendants' press releases, the breach occurred in October 2016.

14.     At the time of the breach, Defendants were negotiating with the U.S. Federal Trade Commission over the proper handling of consumer data.

15.     In spite of the potential danger to customers and drivers, Defendants not only waited a year before disclosing the existence of the data breach, but also took deliberate action to conceal the breach.

16.     This is not the first time that Defendants have been accused of inadequate security policies.  Earlier this year, London's transport regulator stripped Defendants' license to operate, citing their failure to deal with public safety and security issues.

17.     Defendants have issued a statement that they were obliged to report the theft of the drivers' license information and had failed to do so.

18.     None of the individuals whose personal information was compromised authorized such access or disclosure by Defendants.

19.     Defendants purport to be a sophisticated technology companies with expertise in handling client's personal data, including the highly sensitive personal information of individual consumers like Plaintiff.

20.     Defendants stated this week that they have fired chief security officer, Joe Sullivan, and a deputy, Craig Clark, this week over their role in the handling of the incident.

## JURISDICTION

21.     This Court has original jurisdiction pursuant to 28 U.S.C.A. § 1332(d)(2), in that the matter in controversy, exclusive of interest and costs, exceeds

the sum of $5,000,000 and is a class action in which members of the Class are citizens of a state different from Defendants.

22.     This Court has personal jurisdiction over Defendants because they conduct significant business in this District, and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's and putative Class Members' claims occurred in this jurisdiction.  Defendants are authorized to do business in this District and are subject to personal jurisdiction in this District.

<u>CLASS ACTION ALLEGATIONS</u>

24.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

25.     The Class is defined as:

*All United States residents whose personally identifiable information ("PII") was made accessible in the data breach Uber announced on November 21, 2017.*

26.     Plaintiff brings her claims on behalf of the Class.

27.     Excluded from the Class are:

a)      any Judge or Magistrate presiding over this action and members of their families;

b)      Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their

        parents have a controlling interest and their current or former employees;

    c)    counsel for Plaintiff and Defendants;

    d)    persons who properly execute and file a timely request for exclusion from the Class;

    e)    the legal representatives, successors or assigns of any such excluded persons;

    f)    all persons who have previously had claims finally adjudicated or who have released their claims against Defendants similar to those alleged herein; and

    g)    any individual who contributed to the unauthorized access of Defendants' database.

28.    While the exact number and identities of the Class Members are unknown at this time, and can only be ascertained through appropriate discovery, on information and belief, the Class is so numerous – over 57 million, six hundred thousand (57,600,000) –that joinder of all Class Members is impracticable.

29.    Defendants' wrongful conduct affected all of the Class Members in the same way, including:

    a)    Defendants improperly stored consumers' personal information;

    b)    Defendants failed to safeguard consumers' personal information;

c)     Defendants failed to immediately notify consumers of the breach and/or notify them directly as soon as practicable after discovering the breach;

d)     Defendants failed to monitor and ensure compliance with pertinent PCI data security standards, statutes and regulations; and

e)     Defendants took deliberate action to conceal the existence of the data breach from consumers.

30.     Questions of law and fact common to all Class Members predominate over any questions affecting only individual Class Members including, without limitation:

a)     whether Defendants owed duties to Class Members under federal or state law to protect their personal information, provide timely notice of unauthorized access to this information, and provide meaningful and fair redress;

b)     whether Defendants breached their duties;

c)     whether Defendants acted wrongfully by improperly monitoring, storing and/or failing to properly safeguard consumers' personal information;

d)     whether Defendants knew, or reasonably should have known, about the deficiencies in the data storage systems;

e)     whether Defendants willfully failed to design, employ, and

maintain a system adequate to protect consumers' personal information;

f)    whether representations that Defendants made about the security of their systems were false or misleading;

g)    whether Defendants' actions and omissions violated applicable state consumer protection laws;

h)    whether Defendants' failures resulted in the breach at issue;

i)    whether Defendants failed to properly and timely notify Plaintiff and Class Members of the breach as soon as practical after it was discovered;

j)    whether Defendants' deliberate acts of concealment violated applicable state consumer protection laws; and

k)    whether Plaintiff and Class Members have been damaged and, if so, the appropriate relief.

31.    Plaintiff's claims are typical of the claims of all Class members because such claims arise from the Defendants' wrongful conduct, as alleged above, pertaining to Plaintiff's and Class Members' personal information. Plaintiff has no interests antagonistic to the interests of the other Class Members.

32.    Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained competent counsel experienced in complex commercial litigation and class actions to represent her and the Class.

33.     This class action also provides a fair and efficient method for adjudicating the claims of Plaintiff and Class Members for the following reasons:

    a)    common questions of law and fact predominate over any question affecting any individual Class Member;

    b)    the prosecution of separate actions by individual Class Members would likely create a risk of inconsistent or varying adjudications with respect to individual Class Members, thereby establishing incompatible standards of conduct for Defendants and/or would allow some Class Members' claims to adversely affect the ability of other Class members to protect their interests;

    c)    Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

    d)    The Class is readily definable.  Prosecution as a class action will eliminate the possibility of repetitious litigation while also providing redress for claims that may be too small to support the expense of individual, complex litigation.

34.     For these reasons, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Certification, therefore, is appropriate under Rule 23(b)(1) or (b)(3) of the Federal Rules of Civil Procedure.

## COUNT I
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 – UNLAWFUL, UNFAIR OR FRAUDULENT BUSINESS PRACTICES

35.　　Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

36.　　Defendants have violated Cal. Bus. and Prof. Code §17200 et seq. by engaging in unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue or misleading advertising that constitute acts of "unfair competition" as defined in Cal. Bus. Prof. Code §17200.

37.　　Defendants engaged in unlawful acts and practices with respect to their services by establishing inadequate security practices and procedures described herein; by soliciting and collecting Plaintiff's and Class Members' Private Identifiable Information with knowledge that the information would not be adequately protected; and by gathering Plaintiff's and Class Members' Private Identifiable Information in an unsecure electronic environment in violation of California's data breach statute, Cal. Civ. Code § 1798.81.5, which requires Defendants to take reasonable methods of safeguarding the Private Identifiable Information of Plaintiff and Class Members.

38.　　In addition, Defendants engaged in unlawful acts and practices with respect to their services by failing to discover and then disclose the data breach to Plaintiff and Class Members in a timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code § 1798.82.

39.     To date, Defendants still have not provided sufficient information regarding the breach to Plaintiff and Class Members.

40.     As a direct and proximate result of Defendants' unlawful acts and practices, Plaintiff and Class Members were injured and lost money or property, including but not limited to the loss of their legally protected interests in the confidentiality and privacy of their Private Identifiable Information, and additional losses described above.

41.     Defendants knew or should have known that their system had been breached, that their data security practices were inadequate to safeguard Class Members' Private Identifiable Information, and that the risk of a data breach or theft was significant.

42.     Defendants' actions in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiff and Class Members.

43.     Plaintiff and Class Members seek relief under Cal. Bus. & Prof. Code § 17200, et. seq., including, but not limited to: restitution to Plaintiff and Class Members of money or property that Defendants may have acquired by means of unlawful and unfair business practices; restitutionary disgorgement of all profits accruing to Defendants because of their unlawful and unfair business practices; declaratory relief; attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5); and injunctive or other equitable relief.

<u>COUNT II</u>
<u>BREACH OF CONSUMER PROTECTION STATUTES</u>

44.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

45.     Plaintiff brings this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia, for violations of the respective statutory consumer protection laws of these States and territories, as follows:

a.   Alabama Deceptive Trade Practices Act, Ala.Code 1975, § 8–19–1, *et seq.*;

b.   Alaska Unfair Trade Practices and Consumer Protection Act, AS§ 45.50.471, *et seq.*;

c.   Arizona Consumer Fraud Act, A.R.S §§ 44-1521, *et seq.*;

d.   Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, *et seq.*;

e.   Colorado Consumer Protection Act, C.R.S.A. §6-1-101, *et seq.*;

f.   Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110, et seq.;

g.   Delaware Consumer Fraud Act, 6 Del. C. § 2513, *et seq.*;

h.   D.C. Consumer Protection Procedures Act, DC Code § 28-3901, *et seq.*;

i.   Florida Deceptive and Unfair Trade Practices Act, FSA §501.201, *et seq.*;

j.   Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq.*;

k.   Hawaii Unfair Competition Law, H.R.S. § 480-1, *et seq.*;

l.   Idaho Consumer Protection Act, I.C. § 48-601, et seq.;

m. Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1, *et seq.*;

n. Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq.*;

o. Iowa Private Right of Action for Consumer Frauds Act, Iowa Code Ann. § 714H.1, *et seq.*;

p. Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*;

q. Kentucky Consumer Protection Act, KRS 367.110, *et seq.*;

r. Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401, *et seq.*;

s. Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

t. Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301, *et seq.*;

u. Massachusetts Regulation of Business Practices for Consumers Protection Act, M.G.L.A. 93A, *et seq.*;

v. Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*;

w. Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §325F.68, *et seq.*;

x. Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq.*;

y. Missouri Merchandising Practices Act, V.A.M.S. § 407, *et seq.*;

z. Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101, *et seq.*;

aa. Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq.*;

bb. Nevada Deceptive Trade Practices Act, N.R.S. 41.600, *et seq.*;

cc. New Hampshire Regulation of Business Practices for Consumer
Protection, N.H.Rev.Stat. § 358-A:1, *et seq.*;

dd. New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.*;

ee. New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*;

ff.  New York Consumer Protection from Deceptive Acts and Practices,
N.Y. GBL (McKinney) § 349, *et seq.*;

gg. North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen
Stat. § 75-1.1, *et seq.*;

hh. North Dakota Consumer Fraud Act, N.D. Cent.Code Chapter 51-15, *et
seq.*;

ii.  Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*;

jj.  Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et seq.*;

kk. Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*;

ll.  Pennsylvania Unfair Trade Practices and Consumer Protection Law,
73 P.S. § 201-1, *et seq.*;

mm. Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-
5.2(B), *et seq.*;

nn. South Carolina Unfair Trade Practices Act, SC Code 1976, §§39-5-10,
*et seq.*;

oo. South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-1, *et seq.*;

pp. Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*;

qq. Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, *et seq.*;

rr. Utah Consumer Sales Practices Act, UT ST § 13-11-1, *et seq.*;

ss. Vermont Consumer Fraud Act, 9 V.S.A. § 2451, *et seq.*;

tt. Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, *et seq.*;

uu. Washington Consumer Protection Act, RCWA 19.86.010, *et seq.*;

vv. West Virginia Consumer Credit And Protection Act, W.Va.Code § 46A-1-101, *et seq.*;

ww. Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100.18, et seq.; and

xx. Wyoming Consumer Protection Act, WY ST § 40-12-101, et seq.

46.      Defendants violated the statutes set forth above (collectively, the "Consumer Protection Acts") by failing to properly implement adequate, commercially reasonable security measures to protect Plaintiff's and Class Members' personal information, and by allowing third parties to access Plaintiff's and Class Members' personal information.

47.      Defendants further violated the Consumer Protection Acts by failing to disclose to the consumers that their data security practices were inadequate, thus inducing consumers to schedule and book rides through Defendants.

48.     Defendants' acts and/or omissions constitute fraudulent, deceptive, and/or unfair acts or omissions under the Consumer Protection Acts.

49.     Plaintiff and Class Members were deceived by Defendants' failure to properly implement adequate, commercially reasonable security measures to protect their personal information.

50.     Defendants intended for Plaintiff and Class Members to rely on Defendants to protect the information furnished to it in connection with debit and credit card transactions and/or otherwise collected by Defendants, in such manner that Plaintiff's and Class Members' personal information would be protected, secure and not susceptible to access from unauthorized third parties.

51.     Defendants instead handled Plaintiff's and Class Members' personal information in such manner that it was compromised.

52.     Defendants failed to follow industry best practices concerning data security or was negligent in preventing the data breach from occurring.

53.     It was foreseeable that Defendants' willful indifference or negligent course of conduct in handling personal information they collected would put that information at the risk of compromise by hackers.

54.     On information and belief, Defendants benefited from mishandling the personal information of their customers, by not taking effective measures to secure this information, and therefore saving on the cost of providing data security.

55.     Defendants' fraudulent and deceptive acts and omissions were intended to induce Plaintiff and Class Members' reliance on Defendants' deception that their personal information was secure.

56.     Defendants' conduct offends public policy and constitutes unfair acts or practices under the Consumer Protection Acts because Defendants caused substantial injury to Plaintiff and Class Members that is not offset by countervailing benefits to consumers or competition, and is not reasonably avoidable by consumers.

57.     Defendants' acts or practice of failing to employ reasonable and appropriate security measures to protect their customers' and employees' personal information constitute violations of the Federal Trade Commission Act, 15 U.S.C. § 45(a), which the courts consider when evaluating claims under the Consumer Protection Acts, including 815 ILCS 505/2.

58.     Defendants' conduct constitutes unfair acts or practices as defined in the Consumer Protection Acts because Defendants caused substantial injury to Plaintiff and Class Members, which injury is not offset by countervailing benefits to consumers or competition and was not reasonably avoidable by consumers.

59.     Plaintiff and Class Members have suffered injury in fact and actual damages including lost money and property as a result of Defendants' violations of the Consumer Protection Acts.

60.     Defendants' fraudulent and deceptive behavior proximately caused Plaintiff and Class Members' injuries, and Defendants conducted themselves with

reckless indifference toward the rights of others, such that an award of punitive damages is appropriate.

61.     Defendants' failure to disclose information concerning the Data Breach directly and promptly to affected customers and employees, constitutes a separate fraudulent act or practice in violation of the Consumer Protection Acts.

62.     Plaintiff seeks attorney's fees and damages to the fullest extent permitted under the Consumer Protection Acts, including N.Y. G.B.L. § 349(h).

COUNT III
BREACH OF FIDUCIARY DUTIES

63.     By virtue of their possession, custody and/or control of Plaintiff's and Class Members' personal information, and their duty to properly monitor and safeguard it, Defendants were, and continue to be, in a confidential, special and/or fiduciary relationship with Plaintiff and Class Members.  As fiduciaries, Defendants owed, and continue to owe, Plaintiff and Class Members:

     a)     the commitment to deal fairly and honestly;

     b)     the duties of good faith and undivided loyalty; and

     c)     integrity of the strictest kind.

64.     Defendants were, and continue to be, obligated to exercise the highest degree of care in carrying out their responsibilities to Plaintiff and Class Members under such confidential, special and/or fiduciary relationships.

65.     Defendants breached their fiduciary duties to Plaintiff and Class Members by, inter alia, improperly storing, monitoring and/or safeguarding Plaintiff's and Class Members' personal information.

18

66.     To the extent that Defendants are fiduciaries who did not breach the duties outlined above, Defendants are nonetheless liable because they had knowledge of the breaches of fiduciary duty committed by other fiduciaries, and did not make reasonable efforts under the circumstances to remedy such fiduciary breaches.

67.     To the extent that Defendants are not fiduciaries, Defendants are nonetheless liable because they engaged in transactions with a breaching fiduciary under circumstances in which they knew, or should have known, about such fiduciary breaches.

68.     Defendants breached their fiduciary duties to Plaintiff and Class Members by their wrongful actions described above. Defendants willfully and wantonly breached their fiduciary duties to Plaintiff and Class Members or, at the very least, committed these breaches with conscious indifference and reckless disregard of their rights and interests.

<u>COUNT IV</u>
<u>NEGLIGENCE</u>

69.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

70.     Defendants were, and continue to be, in confidential, special and/or fiduciary relationships with Plaintiff and Class Members by virtue of being entrusted with their personal information.  At the very least, therefore, Defendants assumed a duty, and had duties imposed upon them by regulations, to use reasonable care to keep Plaintiff's and Class Members' information private and

secure, including a duty to comply with applicable PCI data security standards, statutes and/or regulations.

71.     Defendants also had a duty to timely inform Plaintiff and Class Members of the breach and the fact that their personal information had been stolen and/or compromised, and, upon learning of the breach, a duty to take immediate action to protect Plaintiff and Class members from the foreseeable consequences of the breach.  By their acts and omissions describes therein, Defendants unlawfully breached their duty, and Plaintiff and Class Members were harmed as a direct result.

72.     Defendants knew, or should have known, that their system for processing and storing consumers' personal information had security vulnerabilities.  Defendants were negligent by continuing to accept, process and store such information in light of these computer network vulnerabilities and the sensitivity of the personal information stored within.

73.     The breach, and the resulting damages suffered by Plaintiff and Class Members, were the direct and proximate result of a number of actions and omissions, including but not limited to:

a) Defendants' improper retention and storage of Plaintiff's and Class Members' personal information;

b) Defendants' failure to use reasonable care to implement and maintain appropriate security procedures reasonably designed to protect such information;

    c)  Defendants' delay in notifying Plaintiff and Class Members about the breach for more than a year; and

    d)  Defendants' failure to take immediate and effective action to protect Plaintiff and Class members from potential and foreseeable damage.

74.      Defendants' wrongful actions constitute negligence.

75.      When Defendants gathered and transmitted consumers' personal information, they came into the possession, custody and control of this sensitive information and as such, were and continue to be in confidential, special and/or fiduciary relationships with Plaintiff and Class Members.  At the very least, Defendants had a duty to monitor and safeguard such information to keep it private and secure, including a duty to ensure that Defendants complied with applicable PCI data security standards, statutes and/or regulations.

76.      Defendants knew, or should have known, that their network for processing and storing consumers' personal information had security vulnerabilities.  Defendants were negligent in continuing to process such information in light of those vulnerabilities and the sensitivity of the information.

77.      The breach was a direct and/or proximate result of Defendants' failure to use reasonable care to ensure that they maintained appropriate security procedures reasonably designed to protect Plaintiff's and Class Members' personal information.  Defendants' wrongful conduct constitutes negligence.

78.      Plaintiff and Class Members have not in any way contributed to the security breach or the compromise or theft of their personal information.

COUNT V
NEGLIGENCE *PER SE*

79.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

80.     Pursuant to the Gramm-Leach-Bliley Act (the "Act"), 15 U.S.C. § 6801, and related California consumer data protection statutes, Defendants had a duty to protect and keep consumers' personal information secure, private and confidential.

81.     Defendants violated these Acts by not adequately safeguarding Plaintiff's and Class Members' Sensitive Personal Information; and monitoring and ensuring that Defendants complied with PCI data security standards, card association standards, statutes and/or regulations designed to protect such information.

82.     Defendants also failed to comply with PCI data security standards, statutes and regulations prohibiting the storage of unprotected personal information.

83.     Defendants' failure to comply with these Acts, industry standards and/or regulations constitutes negligence *per se*.

COUNT VI
BREACH OF CONTRACT

84.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

85.     Plaintiff and Class Members were parties to actual or implied contracts with Defendants that required Defendants to properly safeguard their personal information from theft, compromise and/or unauthorized disclosure.

86.     Additionally, Plaintiff and Class Members were third party beneficiaries to contracts and/or agreements by and between Defendants and other institutions and networks.  These agreements required Defendants to properly safeguard personal information from theft, compromise and unauthorized disclosure.

87.     Defendants breached their agreements with Plaintiff and Class Members by failing to properly safeguard personal information from theft, compromise and/or unauthorized disclosure. Defendants' wrongful conduct constitutes breach of contract.

<u>COUNT VII</u>
<u>BAILMENT</u>

88.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

89.     Plaintiff's and Class Members' personal information is their personal property, which they delivered to Defendants for the sole and specific purpose of compiling and/or transmitting credit information.

90.     Defendants accepted Plaintiff's and Class Members' personal information.  As a bailee, Defendants owed a duty to Plaintiff and Class Members and, in fact, had an express and/or implied contract with them, to properly protect their personal information from theft, compromise and/or unauthorized disclosure.

91.     Defendants breached their duty and/or express and implied contracts with Plaintiff and Class Members by, inter alia, improperly storing and inadequately protecting their personal information from theft, compromise and/or unauthorized disclosure, which directly and proximately caused Plaintiff and Class Members to suffer damages.

92.     Defendants' wrongful actions constitute breaches of their duty to (and/or express and/or implied contracts with Plaintiff and Class Members arising from the bailment.

## REQUESTED RELIEF

93.     As a direct and/or proximate result of Defendants' wrongful conduct, Plaintiff and Class Members have sustained, and will continue to sustain, damages in the form of:

        a)     the unauthorized disclosure and/or compromise of their personal information;

        b)     monetary losses and damage to credit from fraudulent charges made on their accounts; and

        c)     the burden and expense of credit monitoring.

94.     Plaintiff and Class Members' damages were reasonably foreseeable by Defendants.

95.     Plaintiff and Class Members are entitled to equitable relief to prevent any additional harm including, but not limited to, provision of credit monitoring services for a period of time to be determined by the trier of fact.

96.     Plaintiff and Class Members are entitled to recover their reasonable and necessary attorneys' fees, litigation expenses and court costs.

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated Class Members, respectfully requests that this Court:

a)     Certify this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, appoint Plaintiff as representative of the Class, and appoint Plaintiff's counsel as Class Counsel;

b)     Enter judgment in favor of Plaintiff and the Class against Defendants under the legal theories alleged herein;

c)     Award damages and/or equitable relief in an amount to be determined by the trier of fact;

d)     Award attorneys' fees, expenses and costs of suit;

e)     Award pre-judgment and post-judgment interest at the maximum rate allowed by law; and

g)     Such other and further relief as to this Court may deem necessary, just and proper.


Date: November 22, 2017            Respectfully submitted,


Dianne M. Nast (PA Atty. ID No. 24424)
Daniel N. Gallucci
Joanne E. Matusko

25

Joseph N. Roda
NASTLAW, LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Telephone: (215) 923-9300
Facsimile: (215) 923-9302
Email: dnast@nastlaw.com
dgallucci@nastlaw.com
jmatusko@nastlaw.com
jnroda@nastlaw.com
Attorneys for Plaintiff